```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____

|                              |   |                    |
|------------------------------|---|--------------------|
|                              | ) |                    |
|                              | ) |                    |
| **Plaintiff,**               | ) |                    |
| Paula Sue Shotwell           | ) |                    |
|                              | ) |                    |
| vs.                          | ) | No.09-2754-STA/dkv |
|                              | ) |                    |
| **Defendant,**               | ) |                    |
| City of Memphis              | ) |                    |
|                              | ) |                    |

_____

                          SCHEDULING ORDER
_____


    Pursuant to written notice, a scheduling conference was held. Present were Paula Sue Shotwell, Pro Se, counsel for plaintiff, and Jill M. Madajczyk, counsel for defendants. At the conference, the following dates were established as the final dates for:

**INITIAL DISCLOSURES PURSUANT TO Fed.R.Civ.P. 26(a)(1): 8/16/10**

**JOINING PARTIES: 9/2/10**

**AMENDING PLEADINGS: 9/2/10**

**INITIAL MOTIONS TO DISMISS: 10/18/10**

**COMPLETING ALL DISCOVERY: 4/1/11**

    (a) DOCUMENT PRODUCTION:

    (b) DEPOSITIONS, INTERROGATORIES AND REQUESTS FOR
        ADMISSIONS:

    (c) EXPERT WITNESS DISCLOSURE (Rule 26):

        (1)    DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION: 2/1/11

        (2)    DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION: 3/4/11

        (3)    EXPERT WITNESS DEPOSITIONS: 4/1/11

**FILING DISPOSITIVE MOTIONS: 5/6/11**

**OTHER RELEVANT MATTERS:**

Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy or electronic form. Counsel have discussed the categories of electronically stored information that may be the subject of discovery and are making efforts to determine the accessibility of such information.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery cutoff date. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

This case is set for jury trial, and the trial is expected to last 4 day(s). The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

This case is appropriate for ADR. The parties are directed to engage in court-annexed attorney mediation or private mediation after the close of discovery.

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter.  Neither party may file an additional reply to any motion, other than a motion for summary judgment, without leave of the court.  If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.  Pursuant to Fed. R. Civ. P. 56(c)(1)(C), a party moving for summary judgment may file a reply within 14 days after being served with the response in opposition to the motion.

The parties have not consented to trial before the magistrate judge.

This order has been entered after consultation with trial counsel pursuant to notice.  Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE
DATE:    July 16, 2010